FILED

**NOT FOR PUBLICATION**

JUN 22 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AZUCENA PEREZ MARTINEZ, | No. 07-70458 |
| Petitioner, | Agency No. A095-451-427 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 9, 2010
Pasadena, California

Before:     TROTT and W. FLETCHER, Circuit Judges, and BREYER,[**]
            District Judge.

Azucena Perez Martinez ("Perez"), a native and citizen of Mexico, entered

the United States without inspection in 1989, at the age of thirteen. She petitions

for review of the Board of Immigration Appeals' ("BIA") denial of her motion to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Charles R. Breyer, United States District Judge for the
Northern District of California, sitting by designation.

reconsider the denial of her motion to reopen a final order of removal. The BIA denied the motion to reconsider as untimely. We have jurisdiction to review that denial under 8 U.S.C. § 1252(a), and we deny the petition in part and dismiss it in part.

In 1992, Perez's mother, a Legal Permanent Resident, filed for and was granted an I-130 Petition for Alien Relative for Perez. However, because no visa was immediately available, Perez could not adjust status at that time. In 2002, Perez filed an application for asylum, and was placed in removal proceedings. She attended an initial hearing with counsel and applied for cancellation of removal. She then failed to appear at her merits hearing scheduled for March 27, 2003, and the Immigration Judge ("IJ") entered an order of removal *in absentia*. She filed a pro se motion to reopen on May 6, 2004, which the IJ denied as untimely filed. *See* 8 U.S.C. § 1229a(b)(5)(C) (providing 180-day time limit for filing a motion to reopen an *in absentia* removal order except where alien did not receive notice). She appealed to the BIA, which dismissed the appeal. She did not petition for review of that decision, but instead filed a series of motions to reconsider and reopen. The BIA denied each motion—seven in all—as untimely or number-barred. Perez now petitions for review of the denial of her most-recently filed motion to reconsider.

2

In her Petition, Perez raises several constitutional and statutory challenges to her removal proceedings. Perez did not, however, file a timely petition for review of the BIA's decision dismissing her appeal of the IJ's decision not to reopen the *in absentia* removal order. The time period for filing a petition for review is not tolled by the filing of a motion to reopen or motion to reconsider. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1257-58 (9th Cir. 1996). Therefore, regardless of the equities in this case, we lack jurisdiction to reach the merits of her challenges to her removal proceedings. The only decision that this court has jurisdiction to review is the BIA's most recent decision denying Perez's final motion to reconsider as untimely.

A motion to reconsider must be filed within 30 days after the final administrative decision. 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). The final motion to reconsider was filed over six months after the decision for which reconsideration was sought. Accordingly, the BIA did not abuse its discretion in denying it as untimely.

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**